**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Ophthalmics Suppliers, Inc., <br>    Plaintiff, <br><br> v. <br><br> Coopervision, Inc. <br>    Defendant <br><br> v. <br> Ophthalmics Suppliers, Inc., Luis M. Rosado-Sanchez, Conjugal Partnership Rosado-Doe <br>    Counter-Defendants | Civil No. 05-1505 (HL) |

**ORDER**

Pending before the Court is counter-defendant Luis Rosado Sanchez's ("Rosado's") motion to dismiss[1] the counterclaim and defendant Coopervision, Inc.'s ("Coopervision's") opposition[2] to said motion. For the reasons set forth below counter-defendant Rosado's motion to dismiss the counterclaim is **denied**.

**STANDARD OF REVIEW**

In ruling on a 12(b)(1) motion to dismiss, a court must accept all well-pled factual averments as true and must draw all reasonable inferences in the plaintiff's favor. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct.

---

[1] Docket no. 8.

[2] Docket no. 9.

1160, 1161 (1993); *Carparts Distrib. Ctr., Inc.*, *v. Automotive Wholesaler's Ass'n,* 37 F.3d 12, 14 (1st Cir.1994). A court should not dismiss a complaint unless it is clear that the plaintiff will be unable to prove any set of facts which would entitle him or her to recovery. *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct, 99, 101-02 (1957); *Miranda v. Ponce Fed. Bank,* 948 F.2d 41, 44 (1st Cir. 1991). However, this deferential standard is not a "toothless tiger." *Doyle v. Hasbro, Inc.,* 103 F.3d 186, 190 (1st Cir. 1996). The Court is not obliged to accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir. 1996).

## FACTUAL BACKGROUND

The present action was originally filed by Ophthalmics Suppliers, Inc. ("Ophthalmics") against Coopervision in the Commonwealth of Puerto Rico Court of First Instance, Caguas Part on November 3, 2004.[3] The action was subsequently removed to this Court by defendant Coopervision on May 19, 2005.[4] In the complaint Ophthalmic alleges that it served as the exclusive distributor of optic lenses manufactured by defendant Coopervision for ten years and that Coopervision discontinued delivery of its merchandise to Ophthalmic in July of 2004. Ophthalmics submits that the cessation of delivery of merchandise was without just cause and constitutes both a breach of Coopervision's obligations under its distributorship agreement and a violation of the Puerto Rico Dealer's Act, ("Law 75")10. L.P.R.A. § 278, *et seq*.

On June 28, 2005, after requesting an extension of time, Coopervision filed an answer to the complaint. On the same date, pursuant to Rule 13(h) of the Federal Rules of Civil Procedure, Coopervision also filed a counterclaim against Ophthalmics, Luis Rosado Sanchez, and the conjugal partnership constituted between Rosado and Jane Doe (collectively

---

[3] *See* docket no. 1, pt. 3.

[4] *See* docket no. 1.

3

"Rosado").[5] *See* Fed.R.Civ.P. 13(h). In the counterclaim, Coopervision alleges that Ophthalmics received shipments of optic lenses from Coopervision but failed to pay for the merchandise. The counterclaim further alleges that on June 23, 2004, Ophthalmics acknowledged and admitted its breach of the terms and conditions of credit extended by Coopervision and that Rosado executed a promissory note in the principal amount of $101,132.51.[6] Coopervision claims that under the promissory note Rosado and Ophthalmics are jointly and severally liable for the remaining principal amount of $76,616.01 together with interest. Coopervision avers that Ophthalmics only made the initial payment and defaulted on the terms of the promissory note as of June 28, 2004.

Presently pending before the Court is counter-defendant Rosado's motion to dismiss the counterclaim on the grounds that Rosado and his conjugal partnership were not parties in the original suit and thus, plaintiff has failed to properly join them as parties pursuant to Rule 14 of the Federal Rules of Civil Procedure. Defendant Coopervision, Inc.'s filed an opposition to said motion.

**DISCUSSION**

The fact that Rosado is not an opposing party within the meaning of Fed.R.Civ.P. 13(a) or (b) does not automatically preclude defendant Coopervision from joining Rosado as a counterclaim defendant. *See* Wright, et al., Federal Practice & Procedure § 1434 at 263 (1990); Fed.R.Civ.P. 13(h). *See also Transamerica Occidental Life Ins. Co. v. Aviation office of Am.*, 292 F.3d 384, 393 (3rd Cir.2002). Rule 13(h) provides that "[p]ersons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20." Fed.R.Civ.P. 13(h). Rule 20(a) governs

---

[5] *See* docket nos. 5, 6.

[6] *See* docket no. 6, pt. 2, Ex.1.

4

permissive joinder and provides that "[a]ll persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the actions." Fed.R.Civ.P. 20(a).

Thus, the relevant inquiry is whether Coopervision's counterclaim "arises out of the same transaction or occurrence" as Ophthalmics' claims– a question we answer in the affirmative. The phrase "transaction or occurrence" has been interpreted broadly to require only a "logical connection" between the claim and counterclaim. *See Baker v. Gold Seal Liquors, Inc.,* 417 U.S. 467, 469 n.1, 94 S.Ct., 2504, 2506 n.1 (1974). Under this standard it is clear that Coopervision's counterclaim bears a logical connection and relationship to the underlying action. The questions of law and fact between the original complaint and the counterclaim are closely related, if not identical. Further, Coopevision's counterclaim "essentially restate[s] in affirmative form [its] defense to Ophthalmics Suppliers, Inc.'s action. *See Landmark Bank v. Machera*, 736 F.Supp. 375, 379 (D.Mass. 1990). Thus, the counterclaim is sufficient to allow for permissive joinder of Rosado pursuant to Rules 13(h) and 20. *See id.*; Fed.R.Civ.P. 13(h) & 20.

However, this does not end the Court's inquiry. After determining that permissive joinder is appropriate, the Court must align the parties accordingly to their *actual interest* in the suit and subsequently, "determine whether federal jurisdiction will be affected by their addition." Wright, § 1434 at 266 & § 1436 277-78. For instance, "[i]f the added party's real interest is with plaintiff and his citizenship is the same as defendant, then he cannot be joined for his presence will destroy the preexisting diversity." *Id; Comtel Technologies, Inc. v. Paul H. Schwendener, Inc.*, 2005 WL 433327, *13 (N.D. Ill. 2005). According to the counterclaim

and accompanying exhibit, Rosado executed a promissory note in which he, jointly and severally with Ophthalmics, promised to pay Coopervision monies owed pursuant to Ophthalmics' distributorship contract. As such, it appears that Rosado's actual interest lies with plaintiff Ophthalmics and thus, Rosado should be aligned with plaintiff.

Further, jurisdiction over the instant case is premised on diversity of citizenship. *See* 28 U.S.C. § 1332. According to the complaint and counterclaim, defendant Coopervision is a corporation organized under the laws of a state other than Puerto Rico, with its principal offices in New York. Whereas, Ophthalmics is a corporation organized under the laws of Puerto Rico, and Rosado is a citizen of Puerto Rico. Thus, joinder of Rosado as a counterclaim defendant will not defeat diversity. As federal jurisdiction will not be affected by the addition of Rosado, joinder of Rosado may be allowed under Rule 13(h). *See* Wright, § 1434 at 266 & § 1436 at 278.

## CONCLUSION

In view of the aforementioned, counter-defendant Luis Rosado Sanchez's motion to dismiss the counterclaim is hereby **denied**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, August 19, 2005.

S/ HECTOR M. LAFFITTE
United States District Judge